Tagged Opinion



**ORDERED in the Southern District of Florida on April 09, 2010.**

Robert A. Mark, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                          )   CASE NO. 04-40649-BKC-RAM
                                )   CHAPTER  7
MICHELLE ANN MAYHUGH,           )
                                )
        Debtor.                 )

ORDER DENYING MOTION
TO REOPEN CASE TO AVOID JUDGMENT LIENS

The Court conducted hearings on March 16, 2010 and March 30, 2010, on Debtor's Motion to Reopen Case and Avoid Liens Impairing Homestead Exemption ("Motion to Reopen") [CP# 77]. The Motion to Reopen seeks to reopen this Chapter 7 case to utilize §522(f) of the Bankruptcy Code to avoid two judgment liens in favor of Sentry Moving and Storage Service, Inc. ("Sentry"). Although motions to reopen to avoid judgment liens are common and often uncontested,

1

this Motion to Reopen involves an atypical set of facts. Sentry's judgment lien secures a debt excepted from discharge in this case and the property may no longer be eligible for homestead protection. Based upon these facts and for the additional reasons stated below, the Motion to Reopen will be denied.

### Factual and Procedural Background

The Debtor, Michelle Ann Mayhugh ("Debtor") filed a Chapter 13 petition commencing this case on November 15, 2004. The case was converted to Chapter 7 on March 28, 2005. The Debtor received her discharge on July 22, 2005, but the debt owed to Sentry was excepted from discharge pursuant to a default final judgment in favor of Sentry in Adv. No. 05-1168-BKC-RAM-A.

Sentry's judgment liens arise from two prepetition judgments entered in the Circuit Court, Miami-Dade County, Florida, Case No. 01-2947-CA-32 (the "State Court Case"), a Final Judgment in the amount of $234,906.19 entered on July 23, 2004, and a Final Judgment for Attorney's Fees and Costs in the total amount of $47,318, entered on July 26, 2004. The Final Judgment arose from a jury finding of civil theft and consisted of treble damages as provided in Fla. Stat. §772.11. The debt to Sentry represented by the two judgments was excepted from discharge in the adversary referenced earlier as a debt for willful and malicious injury under 11 U.S.C. §523(a)(6).

In this bankruptcy case, the Debtor claimed her interest in a

house located in Hialeah, Florida (the "property") as homestead under Article X, Section 4(a) of the Florida Constitution. Neither Sentry nor any other party in interest objected to the claim of exemption. The case was closed on August 19, 2005.[1]

The Motion to Reopen was filed on February 18, 2010, 4½ years after this case was closed. The Motion to reopen was triggered by Debtor's present efforts to sell the Property free and clear of the Sentry judgment liens. Sentry strongly objects to the Motion to Reopen, and has filed a Memorandum in opposition to the motion [CP# 84]. Sentry believes that the Debtor moved to Alabama and abandoned the Property so that it is no longer eligible for homestead protection under the Florida Constitution. Sentry argues that it will be prejudiced if its judgment liens are avoided based on the exempt status of the Property on the petition date, when the liens will presently be enforceable under Florida law if the homestead has since been abandoned.

## Discussion

If the Court grants the Motion to Reopen, there is no question

---

[1] Not referenced by the parties to this contested matter, but in the Court's opinion relevant to the issue, the Debtor filed a new chapter 13 case on July 26, 2005, Case No. 05-17632-BKC-RAM ("Second Bankruptcy Case"), before this case was even closed. Although the Debtor did not attempt to avoid Sentry's judgment liens in the Second Bankruptcy Case, she did attempt to confirm an unsecured only plan to discharge the Sentry debt. Sentry filed a motion to dismiss the case as a bad faith filing and vigorously opposed each of the Debtor's proposed plans. The Debtor was unable to confirm a plan and the Second Bankruptcy Case was dismissed on March 27, 2006.

that the Debtor will be entitled to avoid the Sentry judgment liens. The language in §522(f)(1) indicates that the exempt nature of the property is determined as of the petition date, not when the motion to avoid lien is filed. Specifically, 11 U.S.C. §522(f)(1) authorizes avoidance of judicial liens "to the extent that such lien impairs an exemption to which the debtor <u>would have been entitled</u> ..." (emphasis added). Courts interpreting the statute have also held that the petition date is the operative date for determining the exemption in the context of a §522(f) motion. <u>See</u>, <u>e.g.</u>, <u>In re Pacheco</u>, 342 B.R. 352, 357 (Bankr. D.N.M. 2000); <u>In re States</u>, 237 B.R. 847, 850 (Bankr. M.D.Fla. 1999).

In this case, the Property was scheduled as exempt homestead and the exemption was allowed. Moreover, there is no dispute that the Sentry judgment liens are "judicial liens" as defined in §101(36) of the Bankruptcy Code which are avoidable under §522(f)(1)(A). In sum, even if the Property is not currently eligible for homestead protection (a factual issue this Court does not reach), the Debtor would be entitled to avoid the Sentry judgment liens if the Motion to Reopen is granted.

If the Motion to Reopen is denied, the Debtor will currently have the benefit of Florida's constitutional protection from enforcement of the judgment liens but only if the Property is currently the Debtor's homestead under state law. If, as Sentry contends, the homestead was abandoned, it will no longer be

4

entitled to the Florida constitutional protection from enforcement of the judgments.  See Hillsborough Inv. Co. v. Wilcox, 13 So.2d 448 (Fla. 1943) (permanent abandonment of home strips it of its homestead character).  Thus, the critical issue is whether the case should be reopened to allow the Debtor to take advantage of the homestead protection which clearly existed when the case was filed, but may not currently exist.

Section 350(b) of the Bankruptcy Code provides that "[a] case may be reopened ... to administer assets, to accord relief to the Debtor, or for other cause."  The Debtor argues that courts should reopen to provide relief to a debtor unless the debtor has committed fraud or intentional trickery.  See Debtor's Memorandum of Law in Support of [Motion to Reopen] [CP# 83], p. 4, citing In re Snyder, 91 B.R. 717 (Bankr. E.D.Pa. 1988).  This Court rejects that restrictive view and agrees with courts that have recognized and held that the statute is permissive and that "it is within the bankruptcy court's discretion to base its decision to reopen on the particular circumstances and equities of each particular case." In re Apex Oil Company, Inc., 406 F.2d 538, 542 (8th Cir. 2005), citing In re Hawkins, 727 F.2d 324, 326 (4th Cir. 1984).

Applying this discretionary standard to the facts of this case, the Court finds that the Motion to Reopen should be denied.  First, the Sentry judgment liens at issue secure a debt that this Court excepted from discharge as a debt arising from willful and

malicious injury. Sentry has been unable to collect on this nondischargeable judgment and incurred additional legal fees opposing Debtor's efforts to discharge the debt in her second Chapter 13 case. Sentry may now have an opportunity to obtain some payment if the Debtor sells her Property and if the Property is no longer homestead. Section 522(c)(2) of the Code allows enforcement of debts against property exempted in the case if the debt is secured by a judgment lien not avoided under §522(f). Second, the Debtor is not without a remedy. If the Property is still eligible for homestead protection (that is, has not been abandoned), the judgment liens will not attach to the property or sale proceeds. See Florida Constitution, Art. X, Section 4; <u>Suntrust Bank v. Papadopolous</u>, 740 So.2d 594 (Fla. 3d DCA 1999). Moreover, Florida law provides for the state circuit court to determine whether property is eligible for the constitutional homestead protection, see Fla. Stat. §222.08, if, as is the case here, entitlement to the homestead protection is contested by a creditor.

    The bottom line is this: under the facts of this case, the Court finds that it would be unfair to Sentry to reopen the case and avoid the judgment liens based on the exempt status of the Property in 2004. If the Property is no longer homestead, Sentry should have the right to collect on its nondischargeable judgment. If the Property is still homestead, the Debtor retains the benefits of the Florida Constitutional protection and the judgment liens

will not be enforceable.

For the foregoing reasons, it is -

**ORDERED** that the Motion to Reopen is denied.

###

COPIES TO:

Stephen E. Tunstall, Esq.
Gables International Plaza
2655 S. LeJeune Road, PH 1-C
Coral Gables, FL 33134
(Counsel for Sentry Moving & Storage)

Jessica L. McMaken, Esq.
KINGCADE & GARCIA, P.A.
1370 Coral Way
Miami, FL 33145-2960
(Counsel for Debtor)